### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES TURNER | : | |
| | : | |
| Petitioner | : | |
| v | : | AMD-cr-06-0274 |
| | : | (Related Civil No. ELH-11-2441) |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Respondent | : | |

o0o

### MEMORANDUM

On August 29, 2011, James Turner, *pro se*, has filed a "Motion to Vacate, Set Aside, or Correct A Sentence under 28 U.S.C. § 2255" ("Motion to Vacate," ECF 26).  Thereafter, Mr. Turner supplemented his claim.  *See* ECF 28.  The Government subsequently filed a memorandum of law in opposition to petitioner's Motion to Vacate, contending that it is untimely.  ECF 30.  Petitioner was afforded an opportunity to file a reply to establish his entitlement to consideration of the merits of his motion.  ECF 31.  Mr. Turner's reply was filed on December 21, 2011.  *See* ECF 35.  The matter is now ripe for this court's review.  No hearing is necessary to resolve the Motion to Vacate.  *See* Local Rule 105.6.

### Background

In June 2006, Mr. Turner was charged with possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1),  and possession of a firearm in furtherance of drug-trafficking crime, in violation of 18 U.S.C. § 924(c).  On November 28, 2006, he pled guilty to both counts (Andre Davis, J., presiding).  Mr. Turner was sentenced on April 30, 2007, to a total of 180 months' imprisonment.  Judgment was entered on May 1, 2007, and no appeal was filed.  Petitioner's conviction became final on or about May 11, 2007, when the time for filing an appeal expired.  *See United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (where

no appeal filed, conviction becomes final after time for filing appeal has lapsed, ten days after judgment).[1]

The limitations period for filing the Motion to Vacate expired on or about May 11, 2008, one year after Mr. Turner's conviction became final. *See* 28 U.S.C. § 2255(f). On August 20, 2008, more than fifteen months after sentencing, Mr. Turner filed a motion for reduction of his sentence, pursuant to 18 U.S.C. § 3582. *See* ECF 15. He cited then-recent amendments to the crack sentencing guidelines. Judge Davis denied that motion by Order dated December 4, 2008. *See* ECF 21.[2] On August 29, 2011, Mr. Turner filed the instant Motion to Vacate. ECF 26.

In his Motion to Vacate, Mr. Turner complains that federal prosecutors misuse their authority to prosecute people for federal crimes that also constitute state crimes, in violation of the "dual sovereign doctrine." ECF 26, at 5. Further, he claims that the manner in which federal indictments are obtained violates due process as well as Fifth Amendment rights, because individuals are twice accused of the same misconduct, based on the same set of facts. Petitioner also contends that when someone is charged in state court, a federal indictment is obtained and the "right to a speedy trial" is then "re-start[ed]," without regard to the rights already bestowed by the state court. *Id*.

## Discussion

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds, including:

---

[1] At the relevant time, Fed. R. App. Proc. 4(b)(1) permitted ten days to appeal. That rule was amended in 2009 to allow for fourteen days to appeal. If Mr. Turner had filed an appeal, his conviction would have become final when the time expired for the filing of a petition for certiorari to the United States Supreme Court. *See United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004).

[2] Mr. Turner filed another FSA motion on December 2, 2011, seeking a reduction of his sentence. *See* ECF 32. That motion is pending, and is not affected by the disposition of the Motion to Vacate.

(1) that the sentence was imposed in violation of the Constitution or laws of the United

   States;

(2) that the court was without jurisdiction to impose such a sentence;

(3) that the sentence was in excess of the maximum authorized by law; or

(4) that the sentence is otherwise subject to collateral attack.

Of import here, the statute requires that motions under § 2255 must be filed within one year.  28 U.S.C. § 2255(f).  The challenge, of course, is to ascertain the commencement of that one year period. Under § 2255(f), that one-year period runs from the latest of: (1) the date on which the conviction became final; (2) the date on which the "impediment to making a motion created by governmental action . . . is removed," if the movant was prevented from making his motion by governmental action; (3) the date on which the right asserted was recognized by the Supreme Court, if that newly-recognized right has been made retroactive to cases on collateral review; or (4) the date on which the facts supporting the claims could have become known through the exercise of due diligence.  See 28 U.S.C. § 2255(f)(2)-(4).

As noted, Mr. Turner's conviction became final on May 11, 2007, when the time for filing an appeal expired.  Thus, under § 2255(f), Mr. Turner's Motion to Vacate, filed on August 29, 2011, appears to be untimely under the first prong of 2255(f).[3]  Therefore, I must consider the other three prongs.

It is clear that the basis of Mr. Turner's claim has been known to him since the inception of the criminal case against him.  There is absolutely no indication that any governmental action

---

[3] As indicated on August 20, 2008, the defendant filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582, which was later denied.  Even if the filing of a later-denied § 3582 motion tolled the limitations period under § 2255, Mr. Turner's motion is still untimely.  When the § 3582 motion was filed on August 20, 2008, petitioner's § 2255 limitations period had already lapsed.  The § 3582 motion was denied on December 4, 2008, and the § 2255 motion was filed two and one-half years later.

served as an impediment to Mr. Turner's ability to file a timely motion under § 2255. Nor has

the defendant asserted any new legal authority or Supreme Court precedent to support the filing

of his claim years after the judgment became final. As the Government observes, most of the

cases cited by Mr. Turner precede his sentencing, and those that were decided after his

sentencing do not advance his position. *See* ECF 30 at 5. There is no basis to find that Mr.

Turner has satisfied 28 U.S.C. § 2255(f)(2), (f)(3), or (f)(4).

Petitioner seems to acknowledge that his Motion to Vacate appears untimely, because he

discusses the exceptions provided by 28 U.S.C. § 2255. ECF 26 at 5, 6. He suggests that this

Court should construe his Motion to Vacate in a manner that would allow for the merits of his

claim to be reached.

Mr. Turner asserts in his Reply that his Motion to Vacate should not be dismissed as

untimely because it is a "challenge" to this court's "jurisdiction." ECF 35 at 1. He contends that

"federal prosecutor's [sic] manipulates the dual sovereign doctrine to create jurisdiction where

the federal government, forfeited jurisdiction by not bringing such cases to trial . . . in a timely

manner and when the government did, it violated [Turner's] Due Process rights. . . ." *Id.*

Further, he claims that the court must always consider "subject matter jurisdiction issues," and

cites *United States v. Cotton*, 535 U. S. 625, 630 (2002),[4] in support of his position. *Id.* at 2. The

essence of petitioner's argument is that the United States Attorney General has purposely

designed a strategy to manipulate dual sovereignty by targeting for federal prosecution criminal

defendants who are arrested on state charges and who qualify under a "three strikes" punishment,

to insure an enhanced sentence in federal custody. He points to a memorandum issued by

---

[4] *Cotton* does not support petitioner's claim that a court loses jurisdiction when an
indictment is defective. Rather, the Supreme Court specifically stated that it had long ago
abandoned the idea that a defective indictment affects jurisdiction. *See Cotton*, 535 U.S. at 631
(*citing United States v. Williams*, 341 U.S. 58, 66 (1951)).

Assistant Attorney General Jo Ann Harris on March 13, 1995, to all United States Attorneys, entitled "1032 Sentencing Enhancement – Three Strikes Law." *Id.* at pp. 5-6.  Petitioner also asks the Court to interpret his Motion to Vacate as a petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. *Id.*

The "Savings Clause" of 28 U.S.C. § 2255(e)[5] provides that a prisoner may seek habeas corpus relief under § 2241, if the remedy under    § 2255 is "inadequate or ineffective to test the validity of his detention."  28 U.S.C. § 2255(e).  The United States Court of Appeals for the Fourth Circuit has held  that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed, such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).  None of these requirements has been met here.

As the Fourth Circuit observed in *Darden v. Stephens*, 426 Fed. Appx. 173, 174 (4th Cir. 2011) (per curiam), relief under the Savings Clause is "confined…to instances of actual innocence of the underlying offense of conviction. . . ." *Id.*  Petitioner does not claim actual innocence with respect to the gun crimes for which he was convicted.  Therefore, Mr. Turner may not circumvent the time limitations imposed by § 2255 by challenging the validity of his

---

[5] 28 U.S.C.  § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

conviction under § 2241.

Even assuming that Mr. Turner is entitled to pursue his claim under the Savings Clause, such a remedy must be sought in the district court where the prisoner is confined, pursuant to 18 U.S.C. § 2241(a).  *See In re Jones*, *supra,* 226 F.3d at 332.  Mr. Turner is currently confined at FCI Schuylkill, which is located in the Middle District of Pennsylvania.  Accordingly, if Mr. Turner is entitled to relief under the Savings Clause, it must be sought in that district.

### Conclusion

Petitioner has failed to establish factors warranting a finding that he complied with limitations.  Because I conclude that the Motion to Vacate was filed well beyond the limitations period, I will dismiss the Motion to Vacate as untimely.  A separate Order follows.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U. S.C. § 2253(c)(2).  When a district court dismisses a habeas petition or a motion to vacate solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  The instant Motion to Vacate fails to demonstrate a debatable constitutional or procedural issue.  Thus, a certificate of appealability will be denied.


January 26, 2012                                                   /s/
Date                                                   Ellen L. Hollander
                                                   United States District Judge